```
                    UNITED STATES DISTRICT COURT

                    MIDDLE DISTRICT OF LOUISIANA
```

**JOSEPH V. FOSTER, JR. (#75808)**                               **CIVIL ACTION**

**VERSUS**

**SHIRLEY COODY, ET AL.**                                       **NO. 06-0249-D-M2**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, January 25, 2008.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**JOSEPH V. FOSTER, JR. (#75808)**                                   CIVIL ACTION

**VERSUS**

**SHIRLEY COODY, ET AL.**                                            NO. 06-0249-D-M2

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the defendants' Motion to Dismiss and Motion for Partial Summary Judgment, rec.doc.nos. 12 and 14. These motions are opposed.

The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Ass't Warden Shirley Coody, Sgt. Linda McDonald, Sgt. Lawanda Wells, Sgt. Lisa Moody, Major Louis Stroud, Sgt. K. Revere, Sgt. Bobbie Rousseau, Secretary Richard L. Stalder, Governor Kathleen Blanco, Warden Burl Cain, Linda Ramsay, Dpty Warden Richard Peabody, Legal Programs Director C. David James, Educational Instructor Kennedy, Sgt. Johnson, Capt. Franklin, Louisiana State Senator Mike Smith, Louisiana State Representative Taylor Townsend, and unidentified security officers and disciplinary board members, complaining that his constitutional rights have been violated by the defendants' actions in subjecting him to unreasonable searches and surveillance by female security officers. In addition, the plaintiff alleges that when he complained of this alleged wrongful conduct, he was subjected to a retaliatory conspiracy in response to his administrative complaints. As a result, he was subjected to verbal harassment and to false and retaliatory disciplinary reports which ultimately led to his transfer to segregated confinement.[1]

---

[1]    Attempts by the United States Marshal's Office to serve defendants Lawanda Wells, David James, Lisa Moody, Mr. Kennedy, Sgt. Johnson, Capt. Franklin, Mike Smith, Taylor Townsend, and Kathleen Blanco have proven unsuccessful because the Louisiana Department of Public Safety and Corrections has refused to accept service on behalf of these individuals.  Accordingly, these defendants have not appeared in this

Initially, it appears that the plaintiff's action is, in part, subject to dismissal as duplicative. In a previous lawsuit filed by the plaintiff, <u>Joseph Foster, Jr. v. Shirley Coody, et al.</u>, No. 05-0295-a-M3 (M.D. La.), the plaintiff (1) raised identical claims of improper observation and searches by female security officers, violation of his right to privacy, and discrimination in treatment, (2) named as identical defendants Ass't Warden Coody, Sgt. Linda McDonald, Sgt. Lawanda Wells and Sgt. Lisa Moody, and (3) made reference to the identical administrative grievances filed by him relative to these claims. Pursuant to Ruling and Judgment entered in 2006, that action has been dismissed by this Court, in part for failure to exhaust administrative remedies and in part for failure to state a claim upon which relief may be granted. Accordingly, to the extent that the claims asserted in the instant case are repetitive of those asserted in the earlier proceeding, these claim are subject to dismissal, with prejudice, as barred by the doctrine of res judicata and/or collateral estoppel.

Turning to the plaintiff's remaining claims, he complains of an alleged wrongful policy at LSP which, he asserts, provides for indiscriminate searches and surveillance of male inmates by female security officers in violation of his constitutional rights. He alleges that on March 11, 2004, defendant Linda McDonald charged him with a false disciplinary report, accusing him of refusing to obey orders to disrobe. On July 12 or 13, 2004, defendant Lawanda Wells conducted a strip search of the plaintiff. On March 5, 2005, defendant Lisa Moody observed the

---

proceeding and have not participated in the instant motions. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the failure of a plaintiff to serve a defendant within 120 days of commencement of an action is cause for dismissal of that defendant from the proceedings. It is appropriate, therefore, that the plaintiff's claims against defendants Lawanda Wells, David James, Lisa Moody, Mr. Kennedy, Sgt. Johnson, Capt. Franklin, Mike Smith, Taylor Townsend, and Kathleen Blanco be dismissed, without prejudice.

plaintiff as he urinated in the prison restroom.  On September 5, 2005, defendant K. Revere charged the plaintiff with a false disciplinary report, accusing the plaintiff of refusing to report to work.  Thereafter, at a disciplinary board hearing on this charge, defendant Stroud became very angry at the plaintiff for refusing to plead guilty, threatened "to kill" the plaintiff, and found the plaintiff guilty of the charged offense.  When the plaintiff thereafter complained to defendant Kevin Benjamin of the threats made by defendant Stroud and wrote letters to Louisiana legislators Mike Smith and Taylor Townsend, no assistance was forthcoming from these areas.  Notwithstanding, a disciplinary appeal filed by the plaintiff relative to this disciplinary charge garnered him a rehearing, and the charge was ultimately dropped.  On the night of September 7, 2005, the plaintiff was awakened by defendant Sgt. Johnson and informed that he was being charged with a sex offense by defendant Bobbie Rousseau, *i.e.*, being charged with having been observed masturbating in defendant Rousseau's presence.  When the plaintiff requested of defendant Capt. Franklin that the defendant obtain physical evidence on the plaintiff's behalf, *i.e.*, a test for the presence or absence of seminal fluid, this request was refused.  On September 9, 2005, the plaintiff appeared before a disciplinary board hearing in connection with this charge, chaired by defendants Stroud and Kennedy, at which the plaintiff was allegedly denied due process, and he was ultimately found guilty and sentenced to a transfer to maximum security extended lockdown. Whereas defendant Warden Peabody had granted the plaintiff a rehearing in connection with the work-offense disciplinary charge, defendant Peabody denied the plaintiff's disciplinary appeal in connection with the sex offense charge.  In addition, further review in connection with this disciplinary appeal was likewise denied by defendants Ramsay, and a proper investigation was not conducted by either defendant Warden Burl Cain or defendant Secretary Richard Stalder.  Moreover, the plaintiff's written

correspondence to defendants Warden Cain, Secretary Stalder and Governor Blanco was not acted upon.  Further, an administrative grievance filed by the plaintiff was thereafter wrongly rejected by defendant David James as involving a disciplinary matter whereas it had in fact asserted a valid discrimination claim appropriately asserted in an administrative grievance.  Finally, the plaintiff asserts that he has been retaliated against for the filing of administrative grievances and complaints and for his litigation activities.  Specifically, he asserts that the referenced false disciplinary reports have been motivated by retaliatory animus in response to his complaints, correspondence and grievances.  In addition, prison and state officials have failed to properly investigate or respond to his administrative grievances, correspondence and disciplinary appeals.

Initially, the Court notes that the plaintiff has named the defendants herein in both their individual and their official capacities.  With regard to the plaintiff's claim for monetary damages, the law is clear, that § 1983 does not provide a federal forum for litigants who seek monetary damages against a State for alleged deprivations of civil liberties.  Neither a State, nor its officials acting in their official capacities, are "persons" under § 1983.  Will v. Michigan Department of State Police, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).  Thus, whereas a claim for injunctive relief against a state official in his official capacity is not precluded under § 1983, see 15 Am.Jur.2d Civil Rights § 101, it is clear that the plaintiff fails to state a claim under § 1983 against the defendants in their official capacities for monetary damages.

Turning to the plaintiff's claims against the defendants in their individual capacities, and addressing first the defendants' motion for summary judgment, the defendants assert, relying upon certified copies of the plaintiff's administrative remedy proceedings, that the plaintiff has failed to exhaust administrative remedies relative to certain of his

claims.  Pursuant to 42 U.S.C. § 1997e, the plaintiff was required to exhaust administrative remedies available to him prior to the institution of suit in federal court relative to prison conditions.  This provision is mandatory and allows for no exceptions.  Further, summary judgment is appropriate where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law.  Rule 56, Federal Rules of Civil Procedure.  Supporting affidavits must set forth facts which would be admissible in evidence.  Opposing responses must set forth specific facts showing that there is a genuine issue for trial.  Rule 56(e), Federal Rules of Civil Procedure.

Upon a review of the plaintiff's Complaint, together with a review of the plaintiff's administrative remedy proceedings filed into the record of this proceeding, it appears that the defendants' motion is well-taken in several respects.  In the first place, whereas the plaintiff makes assertions in his Complaint that the defendants' actions, specifically those of defendant Shirley Coody and Louis Stroud, were taken in retaliation for his administrative grievances, for litigation commenced by him, and/or for his complaints addressed to prison officials and others, the plaintiff made no assertion whatever in any of his administrative grievances or disciplinary appeals that defendants Coody or Stroud acted with discriminatory intent.  It is clear, therefore, at least as to these two defendants, that the plaintiff has failed to exhaust administrative remedies relative to this claim.  In fact, the sole assertion of retaliation contained in the plaintiff's administrative grievances is, in the Court's view, not properly before the Court.  This claim, that a disciplinary report issued by defendant Bobbie Rousseau on September 7, 2005, was issued specifically in retaliation for the plaintiff's complaints regarding the prison policy of monitoring inmates with female security officers, is in fact nowhere asserted in the

allegations of the Complaint.[2]  Accordingly, inasmuch as the plaintiff's specific allegations of retaliation in the Complaint are not contained anywhere in the plaintiff's administrative grievances, and inasmuch as the plaintiff's sole claim of retaliation in his administrative grievances is not contained in the Complaint, it is clear that the plaintiff's claims of retaliation against all defendants must be dismissed pursuant to 42 U.S.C. § 1997e.  Accordingly, the defendant's motion for summary judgment should be granted to the extent that it seeks dismissal of all of the plaintiff's claims of retaliation against the defendants named in this proceeding.

Turning next to the plaintiff's claim against defendant Lisa Moody, the plaintiff alleges that this defendant violated his constitutional right to privacy on March 5, 2005, by observing the plaintiff and other inmates in the bathroom on that date.  However, it is clear from a review of the administrative record that although the plaintiff commenced an administrative grievance relative to this claim, he voluntarily withdrew same by signing a form, witnessed by two (2) security officers, expressing his wish to withdraw the grievance.  Accordingly, it is clear that the plaintiff failed to exhaust administrative remedies relative to this claim and that it should also be dismissed for this reason.

With regard to the plaintiff's remaining claims, whereas the defendants contend that some of these claims are administratively unexhausted, the Court will nonetheless address them in the context of the

---

[2]  In the administrative grievance filed by the plaintiff relative to the disciplinary report of September 7, 2005, he asserts that defendant Bobbie Rousseau approached the plaintiff prior to issuance of the disciplinary charge and insinuated that something could happen to the plaintiff because he had complained of the cross-sex search and surveillance policies at LSP.  In contrast, the plaintiff asserts in his Complaint only that, after defendant Stroud threatened "to kill" the plaintiff at a disciplinary board hearing chaired by defendant Stroud, defendant Stroud induced defendant Rousseau to issue the subsequent disciplinary charge simply in fulfillment of defendant Stroud's threat.

defendants' motion to dismiss. In this regard, notwithstanding an inmate's failure to exhaust administrative remedies relative to one or more claims, a Court is authorized to address and dismiss these claims for failure to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 and 1915A. A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be granted where it appears certain that the plaintiff will be unable to prove any set of facts in support of his claim that would entitle him to relief. Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 524 (5th Cir. 1994), citing Norman v. Apache Corp., 19 F.3d 1017, 1021 (5th Cir. 1994). See also Green v. State Bar of Texas, 27 F.3d 1083, 1086 (5th Cir. 1994) ("A dismissal will not be affirmed if the allegations support relief on any possible theory"). In reviewing a motion to dismiss under this Rule, this Court must accept all well-pleaded facts as true, and must review them in the light most favorable to the plaintiff. Green, supra, at 1086.

Turning first to the plaintiff's claims that he was charged with one or more false disciplinary reports (by defendants McDonald, Revere and Rousseau), the law is clear that the mere fact that an inmate has been unfairly charged or punished for conduct which was justified or which he did not commit, does not constitute a constitutional violation. Collins v. King, 743 F.2d 248 (5th Cir. 1984). Accordingly, this claim is without constitutional merit. Further, to the extent that the plaintiff asserts that he was denied due process by prison officials during subsequent disciplinary board hearings and disciplinary appeals, this claim is also precluded, by the rule set forth in Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). In Sandin, the United States Supreme Court noted that while in rare situations, an inmate may claim entitlement to procedural due process in connection with prison disciplinary proceedings, such entitlement comes into play only where the state action

has exceeded the inmate's sentence in such an unexpected way as to give rise to the protection of the Due Process clause of the United States Constitution. See, e.g., Vitek v. Jones, 445 U.S. 480, 100 S.Ct. 1254, 63 L.Ed.2d 552 (1980) (transfer to a mental hospital); Washington v. Harper, 494 U.S. 210, 110 S.Ct. 1028, 108 L.Ed.2d 178 (1990) (involuntary administration of psychotropic drugs). Normally, however, the Due Process Clause does not afford an inmate a protected liberty interest in any particular procedures attendant to prison disciplinary proceedings or administrative hearings that would entitle him to the protections set forth in Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). As stated in Sandin, it is only those restrictions which impose "atypical and significant hardship[s] ... in relation to the ordinary incidents of prison life" that will invoke the prospect of state-created liberty interests. Thus, while Sandin made it clear that punishments which impact upon the duration of confinement, or which exceed the sentence in an unexpected manner, or which impose "atypical and significant hardship[s]", will give rise to the protection of the Due Process Clause, more routine disciplinary procedures or determinations will not invoke this constitutional protection. In Sandin, the Court found no atypical or significant hardship in an inmate's transfer from the general prison population to segregated confinement. Thus, the plaintiff's disciplinary sentences in the instant case, of extra duty (in connection with the March 11, 2004, disciplinary report), of extra duty and a 2-week loss of canteen privileges, ultimately reversed (in connection with the September 5, 2005, disciplinary report), and of a transfer to segregated confinement (in connection with the September 7, 2005, disciplinary report), may not be seen to invoke any constitutionally protected liberty interest in which the plaintiff might claim protection.

Moreover, the plaintiff's claim that prison officials and others failed to respond appropriately to his administrative grievances and to his written complaints, and either rejected, ignored or denied same without appropriate consideration and/or investigation, does not rise to the level of a constitutional violation. The plaintiff has no constitutional right to have his grievances or complaints addressed, investigated, or favorably resolved. Further, there is no procedural due process right inherent in such a claim. As recently stated by the United States Court of Appeals for the Fifth Circuit, in Geiger v. Jowers, 404 F.3d 371 (5th Cir. 2005):

> Insofar as [the plaintiff] seeks relief regarding an alleged violation of his due process rights resulting from the prison grievance procedures, the district court did not err in dismissing his claim as frivolous. "[A] prison has a liberty interest only in 'freedom[s] from restraint ... impos[ing] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life'" [The plaintiff] does not have a federally protected liberty interest in having these grievances resolved to his satisfaction. As he relies on a legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless.

(Emphasis in original). Accordingly, the plaintiff's claims regarding the alleged failure of prison officials and others to properly address or investigate his administrative grievances and complaints is without legal foundation and must be dismissed.

The plaintiff also asserts that he was subjected to threats and verbal abuse, notably by defendant Stroud. In this regard, however, the law is well-settled that allegations of verbal abuse alone do not present claims under § 1983. "Mere threatening language and gestures of a custodial officer do not, even if true, amount to a constitutional violation." McFadden v. Lucas, 713 F.2d 143 (5th Cir.), cert. denied, 464 U.S. 998, 104 S.Ct. 499 (1983); Burnette v. Phelps, 621 F.Supp. 1157 (M.D. La. 1985); Johnson v. Glick, 481 F.2d 1028, 1033 n.7 (2d Cir. 1973). The

plaintiff's allegations against the defendants regarding verbal abuse, therefore, are insufficient to state a claim of constitutional dimension.

Finally, the Court will address the plaintiff's single remaining claim which the Court concludes, at this stage of the proceedings, should be allowed to proceed, at least in part.  In this regard, the plaintiff complains of the alleged wrongful policy at LSP which allows female security officers to conduct surveillance and intrusive searches of male prison inmates.  He contends that this policy constitutes a violation of his rights to privacy, equal protection and religion.  In response to this contention, the defendants assert that they are entitled to qualified immunity and that consideration of this claim is foreclosed by the case of Oliver v. Scott, 276 F.3d 736 (5th Cir. 2002).

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks.  Hale v. Townley, 45 F.3d 914 (5th Cir. 1995).  As enunciated in Saucier v. Katz, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendants' conduct violated the plaintiff's constitutional rights.  Second, the district court must determine whether the rights allegedly violated were clearly established.  This inquiry, the Court stated, must be undertaken in light of the specific context of the case, not as a broad, general proposition.  The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted.  Id.  In the instant case, the defendants assert that the plaintiff's claim fails in the first instance because she has failed to allege facts in the Complaint

which support a finding that the defendants violated the plaintiff's constitutional rights.

Undertaking the Saucier analysis, the Court concludes that the defendants' motions are well-taken in connection with the plaintiff's claim for monetary damages.  Specifically, the plaintiff has pointed to no defendant who is before the Court in this case who has directly participated in violating a clearly established rule of law of which that defendant should have had reasonable notice.  Specifically, whereas the plaintiff complains generally of alleged improper searches conducted by female security officers, he fails, with one exception, to name any female officer who conducted such a search.  And with regard to the single defendant who is alleged to have conducted such a search, Lawanda Wells, that defendant has not been served and so is not before the Court.  See note 1, supra.[3]  The law is clear that, in order to be liable for damages under § 1983, a defendant must have been personally involved in conduct which violates the plaintiff's constitutional rights or there must be a causal connection between the conduct of a defendant and the constitutional right sought to be redressed.  Lozano v. Smith, 718 F.2d 756 (5th Cir. 1983).  In the instant case, in the absence of any defendant before the Court who is alleged to have personally participated in the conduct of which the plaintiff complains, there is no basis for finding liability on the part of the defendants herein for such conduct.

In addition to the foregoing, a supervisory defendant may also be found liable for damages for the violation of a clearly established constitutional right.  The test in such instances is whether     the

---

[3]   No other female security officer is alleged to have even remotely participated in any cross-sex search or surveillance of the plaintiff except Lisa Moody (who both has not been served in this proceeding and as to whom the plaintiff withdrew his administrative grievance) and Linda McDonald (who is alleged, not to have conducted a search, but to have merely issued the plaintiff a disciplinary report upon his failure to comply with orders to disrobe).

deprivation of an inmate's constitutional rights occurred either as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies or as a result of a breach by the supervisor of an affirmative duty specifically imposed upon him by state law.  Lozano, supra.  However, as previously noted, in order to defeat an assertion of the defense of qualified immunity, the constitutional violation alleged to have been violated must have been clearly established.  Saucier v. Katz, supra.

In the Court's view, the contours of the constitutional rights alleged to have been violated by the defendants in this case are not clearly established such as to warrant a finding of liability on the part of any supervisory defendant in this case.  Specifically, the principal case dealing with this issue within this Circuit, Oliver v. Scott, 276 F.3d 736 (5th Cir. 2002), while recognizing an inmate's right to privacy in the context of cross-sex prison searches and surveillance, resulted in an outright rejection of the plaintiff's claims.  In Oliver, the Court addressed a Texas prison policy which provided that, "when possible" or unless "circumstances dictate" otherwise, staff of the same gender should perform visual or pat-down searches of inmates, and only with the warden's approval in "extraordinary circumstances" would same-sex strip searches of inmates be allowed.  Whereas this written policy was found by the Oliver Court to constitute a valid and constitutional policy, the Court did not circumscribe the outside limits of reasonableness in this context.  Accordingly, there is no clear legal precedent which would have informed supervisory personnel in the instant case that the LSP search policy, which apparently provides for body-cavity searches only by medical personnel, for strip searches "by male officers only" "except in emergency situations when approved by the Warden", but for pat-down and general searches at any time and presumably by any security officer

(notwithstanding that such search may involve the removal of clothing by an inmate and may even involve complete nudity of the inmate if the inmate is not wearing underwear), is unconstitutional, if indeed it is. Accordingly, in the Court's view, the defendant supervisory personnel in the instant case are entitled to qualified immunity in connection with the plaintiff's claims for monetary damages because these officers could not objectively have known that the LSP search policy is or is not constitutional in light of clearly existing law.

Notwithstanding the foregoing, the Court concludes that the plaintiff's claim for injunctive relief should be allowed to proceed at the present time. In the first place, the law is clear that the doctrine of qualified immunity is not applicable to claims for injunctive relief. Orellana v. Kyle, 65 F.3d 29 (5th Cir. 1995), cert. denied, 516 U.S. 1059, 116 S.Ct. 736, 133 L.Ed.2d 686 (1996). See also Williams v. Ballard, 466 F.3d 330 (5th Cir. 2006) ("Qualified immunity does not protect officials from injunctive relief"). Further, in the Court's view, there can be no determination regarding the constitutionality of the LSP search and surveillance policy on the record before the Court. In the context of a motion to dismiss under rule 12(b)(6), the consideration of evidence is not allowed. Whereas the defendants have presented evidence in connection with their motion for summary judgment, that evidence was presented only in the context of the defendants' claim that the plaintiff failed to exhaust administrative remedies. No evidence was presented by the defendants in connection with their claim that the LSP search and surveillance policy is constitutional, nor could it have been in the context of a motion to dismiss. The Oliver case, which addressed this issue on motion for summary judgment, makes clear that inmates retain some right to privacy in the prison context but that this right is minimal and gives way to the exigencies of prison administration. A Court must conduct a balancing test and weigh the intrusion upon the inmate's right

against the state's legitimate penological interests.  See <u>Turner v. Safley</u>, 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987).  Accordingly, as in <u>Oliver</u>, <u>supra</u>, such balancing is best conducted in connection with a motion for summary judgment that includes a consideration of evidence and a weighing of factors which support infringement of the inmate's right to privacy.[4]  Whereas the inmate search and surveillance policy in place at LSP may well pass constitutional muster, it is appropriate to defer ruling on this issue pending a consideration of evidentiary submissions by the parties.

Finally, considering the foregoing, and upon a determination that a consideration of the plaintiff's claim for injunctive relief should be allowed to proceed at the present time, the Court concludes that defendants Burl Cain and Richard Stalder are the appropriate defendants to remain in this proceeding to address this issue.  As Warden at LSP and Secretary of the Louisiana Department of Public Safety and Corrections, respectively, these defendants are in a position to impose or enforce any injunctive relief which this Court may grant.

## **RECOMMENDATION**

It is the recommendation of the Magistrate Judge that the plaintiff's claims against defendants Lawanda Wells, David James, Lisa Moody, Mr. Kennedy, Sgt. Johnson, Capt. Franklin, Mike Smith, Taylor Townsend, and Kathleen Blanco be dismissed for failure of the plaintiff to serve these defendants within 120 days as mandated by

---

[4]   In the instant case, whereas the defendants have apparently presented some of the written policies and procedures at LSP relative to searches of inmates, these written policies have been introduced only as attachments to the plaintiff's administrative record and have not been authenticated by affidavit or attested to as including all relevant policies and practices in place at the prison.  Further, it is noted that the <u>Oliver</u> Court did not frontally address the search policy in place at the Texas prison there under review, finding that consideration of this issue was foreclosed by pending consideration before another Texas federal court where the issue was presented.

Rule 4(m) of the Federal Rules of Civil Procedure.  It is the further recommendation of the Magistrate Judge that the defendants' motion for summary judgment, rec.doc.no. 14, be granted in part, dismissing the plaintiff's claims of retaliation against all parties and dismissing his claim that defendant Lisa Moody improperly observed him on March 5, 2005, for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e.  It is the further recommendation of the Magistrate Judge that the defendants' motion to dismiss, rec.doc.no. 12, be granted in part, dismissing all of the plaintiff's remaining claims and defendants except his claim for injunctive relief against defendants Richard Stalder and Burl Cain, in their official capacities, seeking injunctive relief arising out of the cross-sex search and surveillance policies at LSP, and that this matter be referred back to the Magistrate Judge for further proceedings.

Signed in chambers in Baton Rouge, Louisiana, January 25, 2008.

**MAGISTRATE JUDGE CHRISTINE NOLAND**