UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


JOSEPH V. FOSTER, JR. (#75808)                              CIVIL ACTION

VERSUS

SHIRLEY COODY, ET AL.                                       NO. 06-0249-D-M2


**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in chambers in Baton Rouge, Louisiana, March 29, 2010.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**JOSEPH V. FOSTER, JR. (#75808)**                               CIVIL ACTION

**VERSUS**

**SHIRLEY COODY, ET AL.**                                         NO. 06-0249-D-M2

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the defendants' Motion for Summary Judgment, rec.doc.no. 36. This motion is not opposed.

The pro se plaintiff, an inmate previously confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Ass't Warden Shirley Coody, Sgt. Linda McDonald, Sgt. Lawanda Wells, Sgt. Lisa Moody, Major Louis Stroud, Sgt. K. Revere, Sgt. Bobbie Rousseau, Secretary Richard Stalder, Governor Kathleen Blanco, Warden Burl Cain, Linda Ramsay, Dpty Warden Richard Peabody, Legal Programs Director C. David James, Educational Instructor Kennedy, Sgt. Johnson, Capt. Franklin, Louisiana State Senator Mike Smith, Louisiana State Representative Taylor Townsend, and unidentified security officers and disciplinary board members at LSP, complaining that his constitutional rights were being violated, <u>inter alia</u>, by the defendants' actions in subjecting him to unreasonable surveillance and searches by female security officers. Pursuant to earlier Report and Recommendation in this case, approved by the District Judge on February 28, 2008, rec.doc.nos. 21 and 22, the Court has dismissed all of the plaintiff's claims except his claim against defendants Richard Stalder and Burl Cain, in their official capacities, seeking injunctive relief arising out of the cross-sex surveillance and search policies at LSP.[1]

---

[1] Defendant Richard Stalder is no longer the Secretary of the Louisiana Department of Public Safety and Corrections. However, insofar as this defendant has been sued in his official capacity, his successor

The defendants now move for summary judgment relying upon the pleadings, a Statement of Undisputed Facts, Department Regulation No. C-02-003, LSP Directive No. 09-003, and the affidavits of Sharon Augustine, Darryl Vannoy and Tara Bonnette.

Summary judgment is appropriate where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law.  Rule 56, Federal Rules of Civil Procedure.  Supporting affidavits must set forth facts which would be admissible in evidence. Opposing responses must set forth specific facts showing that there is a genuine issue for trial.  Rule 56(e), Federal Rules of Civil Procedure.

In the claim which remains before the Court, the plaintiff complains of an alleged wrongful policy at LSP which, he asserts, provides for indiscriminate searches and surveillance of male inmates by female security officers in violation of his constitutional rights.  The plaintiff, however, has now apparently been transferred from LSP to a different institution and so is no longer subjected to the referenced LSP policy.  When a prisoner is transferred out of an allegedly offending institution, the law is clear that such transfer generally renders his claim for injunctive relief moot.  <u>Weinstein v. Bradford</u>, 423 U.S. 147, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975) (plaintiff's claim challenging parole procedures was mooted by his release absent "demonstrated probability" that he would again be subject to the parole board's jurisdiction); <u>Cooper v. Sheriff, Lubbock County, Tex.</u>, 929 F.2d 1078 (5th Cir. 1991) (holding that prisoner transferred out of an offending institution could not state a claim for injunctive relief).  In order for the plaintiff's claim to

---

in office has been automatically substituted pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.  Defendant Stalder's current successor in office is James M. LeBlanc.  Accordingly, James M. LeBlanc in his official capacity, is a substituted party to this proceeding pursuant to Rule 25(d).

remain viable in this case, he would have to establish that the possibility of returning to LSP makes his claim capable of repetition yet evading review.  See Hardwick v. Brinson, 523 F.2d 798 (5th Cir. 1975). The plaintiff, therefore, must show either a "demonstrated probability" or a "reasonable expectation" that he would again be incarcerated at LSP. Murphy v. Hunt, 455 U.S. 478, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982).  At its most lenient, this standard is not "mathematically precise" and requires that the plaintiff show a "reasonable likelihood" of repetition. Honig v. Doe, 484 U.S. 305, 108 S.Ct. 592, 98 L.Ed.2d 686 (1988).  Even under the most permissive interpretation, however, the plaintiff's Complaint in the instant case and his lack of opposition to the instant motion do not meet this standard.  Simply put, the plaintiff has been transferred from the custody of LSP, and his request for injunctive relief is now moot.  See Oliver v. Scott, 276 F.3d 736 (5th Cir. 2002)(claim for injunctive relief in cross-sex search and surveillance case was mooted by inmate's transfer); Herman v. Holiday, 238 F.3d 660 (5th Cir. 2001)(even if the plaintiff established an Eighth Amendment violation, his transfer from the offending institution rendered his claims for declaratory and injunctive relief moot), citing Cooper v. Sheriff, Lubbock County, Tex., supra; Bailey v. Southerland, 821 F.2d 277 (5th Cir. 1987).  Accordingly, inasmuch as the sole issue remaining before the Court in this proceeding has been rendered moot by the plaintiff's transfer, it is appropriate that the defendants' motion for summary judgment be granted.

 Moreover, and addressing the plaintiff's substantive claims in the alternative, the plaintiff first complains of cross-sex surveillance by female security officers in the shower and bathroom areas of the prison. The Fifth Circuit has held, however, that such surveillance may be justified by security concerns and, when so justified, does not violate

a prisoner's right to privacy or equal protection.  See Oliver v. Scott, 276 F.3d 736 (5th Cir. 2002).  See also Sinclair v. Stalder, 78 Fed.Appx. 987 (5th Cir. 2003); Petty v. Johnson, 193 F.3d 518 (5th Cir. 1999); West v. Parker, 68 F.3d 466 (5th Cir. 1995); Letcher v. Turner, 968 F.2d 508 (5th Cir. 1992).  In the instant case, the defendants have introduced the affidavits of prison officials to support a finding that surveillance by female security officers in all areas of the prison, including the shower and bathroom areas, is justified by security concerns at LSP.  In the absence of any countervailing evidence or affidavits submitted by the plaintiff, the Court finds that the plaintiff has not shown the existence of a disputed issue of material fact relative to this claim.  Accordingly, the Court finds no constitutional violation in the cross-sex surveillance policy at LSP.

In addition, the plaintiff complains of cross-sex searches conducted by female security officers at LSP.  The principal case dealing with this issue within this Circuit, Oliver v. Scott, 276 F.3d 736 (5th Cir. 2002), recognizes an inmate's right to privacy in the context of cross-sex prison searches, but finds such right to be minimal at best.  In  Oliver, the Court addressed a Texas prison policy which provided that, "when possible" or unless "circumstances dictate" otherwise, staff of the same gender would perform visual or pat-down searches of inmates, and only with the warden's approval in "extraordinary circumstances" would same-sex strip searches of inmates be allowed.  This written policy was found by the Oliver Court to constitute a valid and constitutional policy, and the plaintiff's claims were rejected in that case.  The Court, however, did not circumscribe the outside limits of reasonableness in this context.

In the instant case, the LSP search policy provides for invasive body-cavity searches to be conducted only by medical personnel, and for strip searches (involving total nudity of the inmate) to be conducted by male officers only, "except in emergency situations when approved by the

Warden". In contrast, pat-down searches (involving the touching of inmates over their clothing) and general searches (involving a visual inspection of inmates wearing only underwear) may be conducted at any time and presumably by any security officer, male or female, notwithstanding that such searches may theoretically involve the removal of all clothing by the inmate if the inmate has chosen not to wear underwear.

The <u>Oliver</u> case makes clear that an inmate's minimal right to privacy in the prison context gives way to the exigencies of prison administration. In the context of a cross-sex search policy, the courts are directed to conduct a balancing test and weigh the intrusion upon the inmate's right against the state's legitimate penological interests. <u>See Turner v. Safley</u>, 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987). Four factors are considered in determining whether there is a reasonable relationship between a challenged regulation or policy and a legitimate penological interest: (1) whether the regulation or policy has a "valid, rational" connection to the governmental interest put forth to justify it, (2) whether the inmate has alternative methods for exercising the right in question, (3) the impact that accommodation would have on other inmates or prison staff, and (4) the existence of easy, rather than hard, alternatives to the challenged regulation or policy. <u>Id.</u>

The affidavit of Deputy Warden Darryl Vannoy establishes that LSP houses only male inmates. In addition, LSP is an equal opportunity employer and, so, employs numerous female security officers for work at the prison, comprising more than one-third of the total workforce. Further, the control of contraband at the prison is of paramount importance inasmuch as contraband destabilizes the inmate population, endangers the security of anyone within the prison facility, and poses a serious threat to the safety of inmates, staff, visitors and the public. To this end, frequent unannounced and irregularly timed searches are conducted to facilitate the control of contraband within the penitentiary

setting. The prison regulations enumerate the types of searches which may be conducted and explicitly state that all searches are to be conducted professionally and in a manner so as to avoid unnecessary force, embarrassment or indignity to the inmate. With regard to searches which may be conducted by female security officers, a pat-down or frisk search involves touching the inmate over his clothing in such a manner as to determine if something is being concealed. Second, a general search is a routine visual-only search of one or more individual inmates or a large group of inmates such as an entire tier or dormitory. During a general search, inmates may be required to remove their clothing down to their underwear. If an inmate has unilaterally decided not to wear underwear which is made available to him, a general search may result in the removal of all of his clothing. Deputy Warden Vannoy asserts in his affidavit that if only male employees were authorized to perform pat-down and general searches, this limitation would interfere with the objective of having random, unpredictable and irregularly timed searches of inmates, would underutilize the more than 500 female security officers employed at LSP, and would create equal employment opportunity concerns with respect to the female employees. Further, if an inmate were allowed to circumvent a general search being conducted by a female officer by choosing not to wear underwear, this would necessitate the expenditure of additional time and manpower in order to locate an available male employee, would eliminate the element of surprise, would perhaps provide an opportunity for the inmate to discard any contraband, would place additional burdens on limited prison resources, and would lead other inmates to opt not to wear underwear for this very reason. In short, the affidavit of Deputy Warden Vannoy concludes that the conducting of non-invasive pat-down and visual-only general searches by female employees has a valid rational connection to the goal of controlling contraband, is in keeping with valid penological objectives of the prison, and is not easily accommodated

through any perceived simple alternative means.  <u>Cf.</u>, <u>Timm v. Gunter</u>, 917 F.2d 1093 (8th Cir. 1990)(upholding pat-down searches of male inmates by female security officers).  <u>See also</u> <u>Hughes v. Bryant</u>, 2010 WL 148194 (E.D. Tex. Jan. 11, 2010)(upholding strip searches of male inmates in the presence of female security officers); <u>Tasby v. Lynaugh</u>, 123 Fed.Appx. 614 (5th Cir. 2005)(same); <u>Letcher v. Turner</u>, 968 F.2d 508 (5th Cir. 1992)(same).  The plaintiff has not come forward with any opposition to the assertions made by Deputy Warden Vannoy.

In the context of a motion for summary judgment, it is well-settled that a plaintiff may not rest upon mere allegations or assertions contained in his Complaint in opposing such a motion. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  In order to meet his burden of proof, the party opposing a motion for summary judgment "may not sit on its hands, complacently relying" on the pleadings.  <u>Weyant v. Acceptance Insurance Co.</u>, 917 F.2d 209 (5th Cir. 1990).  He must designate specific evidence in the record of sufficient caliber and quantity to create a genuine issue for trial, or produce supporting evidence on his own behalf. <u>Matsushita Electric Industrial Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 106 S.Ct. 2501, 91 L.Ed.2d 202 (1986); <u>Phillips Oil Company v. OKC Corp.</u>, 812 F.2d 265 (5th Cir. 1987).  In the instant case, despite notice and an opportunity to appear, the plaintiff has not come forward with any opposition to the defendants' motion for summary judgment or to the factual assertions contained therein.  Other than the mere allegations of the plaintiff's Complaint, unsupported by other corroborating evidence, there is nothing before the Court which tends to support his claim.  What is before the Court for consideration is evidence adduced by the defendants, supported

by documentation and bolstered by supporting affidavits.  Accordingly, based upon the foregoing, and upon the plaintiff's failure in this case to oppose the defendants' motion for summary judgment, his failure to designate specific evidence in the record of sufficient caliber and quantity to create a genuine issue for trial, and his failure to produce supporting evidence on his own behalf, <u>Matsushita Electric Industrial Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 106 S.Ct. 2501, 91 L.Ed.2d 202 (1986); <u>Phillips Oil Company v. OKC Corp.</u>, 812 F.2d 265 (5th Cir. 1987), the Court concludes that the defendants' motion is well-taken and that, on the record before the Court, the defendants are entitled to summary judgment as a matter of law.

<u>RECOMMENDATION</u>

It is the recommendation of the Magistrate Judge that the defendants' Motion for Summary Judgment, rec.doc.no. 36, be granted, dismissing the plaintiff's claims, and that this action be dismissed, with prejudice.

Signed in chambers in Baton Rouge, Louisiana, March 29, 2010.

**MAGISTRATE JUDGE CHRISTINE NOLAND**